UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PARKER DEVER, | ) | CASE NO. 23-32369(7)(1) |
| | ) | |
| Debtor, | ) | |
| | ) | |
| JOSHUA MICHAEL POLACK, | ) | A.P. NO. 23-03019 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PARKER DEVER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion for Summary Judgment of Plaintiff Joshua Michael Polack (herein referred to as "Plaintiff" or "Pollack") against Defendant Parker Dever (herein referred to as "Debtor" or "Dever"). The Court considered the Motion for Summary Judgment of Plaintiff, the Response to the Motion for Summary Judgment of the Debtor and the Reply of the Plaintiff to Debtor's Response to the Motion for Summary Judgment. For the following reasons, the Court will **GRANT** the Plaintiff's Motion for Summary Judgment. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

**UNDISPUTED FACTS**

Polack began playing the guitar at the age of five. He continued to take lessons throughout his middle and high school years and began playing in different bands. By the time he entered college at Berklee College of Music, he joined a song-writing program and a band called "Mom Rock."

In 2021, Polack's band began to increase its following and Mom Rock began releasing music and playing at music festivals. Once Polack graduated from Berklee, Mom Rock started touring and enjoyed growing success.

By April 2022, Mom Rock was finishing a tour and preparing to perform as the opening act for a more established band, named "Bowling for Soup" (hereinafter referred to as "BFS"). As promotion for the upcoming tour was underway, Dever posted a message to the BFS Facebook Fan Page stating that Polack was a known "serial abuser." BFS's lead vocalist and guitarist, Jaret Reddick, was tagged in the post, ensuring that he would see it. Polack also learned about the post and was extremely "distressed" knowing that it could be detrimental to his career.

On or about April 15, 2022, Dever posted the same message about Polack and again Reddick was notified of the post. By this time, Polack's bandmates were concerned about how the posts could affect their own careers. This only increased Polack's distress about the band and his career.

On April 25, 2022, Mom Rock pulled out of BFS's upcoming tour and the other band members advised Polack that they were severing their relationship with him. Polack's contacts in the music industry began distancing themselves from him and stopped returning his calls. This caused Polack extreme distress resulting in his hospitalization. Polack received inpatient care,

2

attended group therapy and medication management. He was discharged from the hospital in May of 2022.

Following his discharge from the hospital, his mental state did improve due to medication and therapy. However, he has yet to return to the level of productivity that existed prior to the publication of the messages about his alleged behavior.

On June 7, 2022, Polack filed suit against Dever in the Superior Court of Suffolk County, MA, (hereinafter referred to as "Superior Court") in Case No. 2284CV01259.[1]

On November 10, 2022, Dever was personally served with a Summons and Complaint at his place of employment.

On February 7, 2023, Polack, pursuant to Mass. R. Civ. P. 55(a), filed a Motion for an Entry of a Default against Dever due to his failure to respond to the Complaint within the deadline established by Mass. R. Civ. P. 12(a)(1).

On April 4, 2023, Polack, through counsel, requested a hearing to assess damages and thereafter enter a default judgment. Pursuant to Mass. R. Civ. P. 55(b), Dever was notified by U.S. Mail and email of Polack's request.

On April 10, 2023, Dever filed an Answer.

On April 19, 2023, Polack, through counsel notified Dever by U.S. Mail and email that a hearing was scheduled for May 3, 2023.

---

[1] The original Complaint also named two additional Defendants, who were immediately dismissed from the case after they admitted they had no knowledge of any wrongdoing by Polack.

On May 3, 2023, Dever attended the hearing. At that hearing, Dever offered to retract his defamatory statements previously made about Polack. Dever also participated in the hearing, including cross-examining Polack about his damages.

On May 12, 2023, the Justice of the Superior Court issued a detailed Opinion, finding among other things, that Dever had posted false messages about Polack alleging that Polack was "a known serial abuser" and directed these posts to a member of the rock band, "Bowling for Soup," a rock group that Polack's band had been booked by for a 2022 summer tour. The Superior Court determined that as a result of Dever's posts, Polack's own band fired him and canceled the BFS tour.

The Opinion determined that as a result of these online posts by Dever, Polack suffered a mental collapse resulting in the loss of his band, his career and his reputation resulting in his own hospitalization.The May 12, 2023 Opinion issued an Assessment of Damages Against Defendant Parker Dever in favor of Polack and awarded damages as follows:

1. $90,000.00 for lost earnings;
2. $150,000.00 for future lost earnings; and
3. $250,000.00 for emotional and reputational damages.

The damages awarded by the Superior Court were based on the Court's finding that Dever defamed Polack resulting in emotional distress.

On October 10, 2023, Dever filed a Petition for Relief under Chapter 7 of the United States Bankruptcy Code for the Western District of Kentucky under Case No. 23-32369.

On October 23, 2023, Polack filed his Complaint instituting this Adversary Proceeding seeking a judgment of nondischargeability pursuant to 11 U.S.C. § 523(a)(6).

4

## LEGAL ANALYSIS

Plaintiff Joshua Polack seeks a judgment from this Court declaring the debt owed to him by Debtor Parker Dever as nondischargeable pursuant to 11 U.S.C. § 523(a)(6). Based upon the undisputed facts and the legal authority set forth herein, the Court concludes that the actions of the Debtor resulting in the damages awarded to Polack by the Superior Court are nondischargeable pursuant to 11 U.S.C. § 523(a)(6) of the United States Bankruptcy Code.

Under 11 U.S.C. § 523(a)(6), an exception to discharge of a debt does not discharge an individual from any debt for "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The burden to prove that a debt is nondischargeable under § 523(a)(6) is "upon the creditor, who must establish entitlement to an exception by a preponderance of the evidence." *In re Kamps*, 575 B.R. 67, 72 (Bankr. E.D. Pa. 2017), quoting *In re Cohn*, 54 F.3d 1108, 1114 (3d Cir. 1995).

Initially, the Court must address both parties' claims regarding the effect of the Superior Court's Judgment. Debtor contends that the Superior Court's Judgment constitutes a default judgment and that under Massachusetts law, such judgments are generally not given collateral estoppel effect because the issue in the case has not been actually litigated. Polack, however, contends collateral estoppel applies to the Superior Court's Judgment preventing relitigation of the issues. Collateral estoppel precludes relitigation of issues in prior actions between the parties or those in privity with those parties, provided that the issues were actually litigated in the first action and determined by a "final judgment on the merits." *In re Stanley-Snow*, 405 B.R. 11, 18 (B.A.P. 1st Cir. 2009).

Under Massachusetts law, the essential element in determining whether collateral estoppel may be used in a proceeding, is whether the party against whom it is asserted had a "full and fair opportunity to litigate the issue in the first action or [whether] other circumstances justify affording him an opportunity to relitigate the issue." *Treglia v. MacDonald*, 717 N.E.2d 249, 253 (Mass. 1999), quoting *Martin v. Ring*, 514 N.E.2d 663 (1978). To establish collateral estoppel, there must be: (1) a valid and final judgment on the merits in the prior adjudication; (2) the party against whom estoppel was asserted was a party to the prior adjudication; (3) the issue in the prior adjudication is identical to the issue in the current litigation; and (4) the issue in the prior adjudication was essential to the earlier judgment. *Mullins v. Corcoran*, 172 N.E.3d 759 (2021).

The Superior Court issued a six-page Opinion in support of its award of damages to Polack from Dever. The Massachusetts Judge stated in the Opinion, "I find that Polack did suffer emotional distress, injury to his reputation and lost earnings as a result of Dever's conduct." *See* Opinion, at 5. The Opinion is detailed regarding the evidence presented at trial in support of the Court's damage award.

The Massachusetts Judgment is entitled to be enforced here as the issues were actually litigated to a valid and final judgment on the merits, Dever was a party to that prior action, and the issues in the prior case are identical to the issues in the current litigation before this Court. Also, the findings by the Superior Court were essential to the earlier Judgment and are essential to this case. Since all elements of collateral estoppel are met, this Court may rely on the Superior Court's Judgment in this action.

Additionally, the record is also clear that Dever participated in the state court action rather than the Court simply entering a default judgment based solely on his failure to respond to the

Complaint. The Superior Court entered a Default Order against Dever for his failure to respond to the initial Complaint. However, that is not the same as a default judgment. The Superior Court then scheduled a hearing to assess damages. Dever then filed an Answer to the Complaint, appeared *pro se* at the damages hearing and fully participated in the proceeding, including his own cross-examination of Polack. The Judgment entered against Dever only occurred after he fully participated in the proceeding. The damage award was supported by the evidence presented at that hearing at which Dever was a full participant.

Next, the Court must determine if the evidence in the Massachusetts proceeding supports a finding of "willful and malicious" injury, pursuant to 11 U.S.C. § 523(a)(6). In order for this Court to determine whether the evidence supports this finding, there must be evidence that the injury was caused by the Debtor's actions that were "willful" and "malicious." Each term has a separate meaning.

The term "willful" means the Debtor must have had "actual intent to cause injury." *Kawaahau v. Geiger*, 523 U.S. 57, 61 (1998). "Nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Id.* In this case, Debtor clearly intended to harm Polack with his online post. Plaintiff contends that Debtor's intent with the post was to "cause the cancellation of Plaintiff's 2022 summer tour." Debtor succeeded in this endeavor with his posts, but the posts caused the Plaintiff far more injury than just the cancellation of the 2022 summer tour. As established at trial, the actions of the Debtor also caused significant emotional distress to Polack and damage to his mental health. All of these facts were proven at the trial and those findings are fully set forth in the detailed Opinion of the Superior Court.

Next, Plaintiff had to prove that the Debtor's actions were "malicious." "Malicious" means an act in conscious disregard of one's duties. *Mazurczyk v. O'Neil*, 268 B.R. 1, 5 (Bankr. D. Mass. 2001); *In re Smith*, 270 B.R. 544, 549 (Bankr. D. Mass. 2001). The Superior Court's Opinion clearly established the required element of malicious conduct. In the Opinion, the Judge stated, "I find that Polack did suffer emotional distress, injury to his reputation, and lost earnings as a result of Dever's conduct." *See* Opinion at p. 5. The Judge then awarded Polack lost earnings of $90,000 and future lost earnings of $150,000. The Court then stated, "For the considerable emotional toll sustained by Polack and the damage suffered to his reputation as a result of Dever's posts, I award Two Hundred and Fifty Thousand Dollars ($250,000.00)." *See*, Opinion, at p. 6. The Opinion details the emotional toll on Polack by Dever's actions.

The Opinion entered by the Superior Court on May 12, 2023, was sufficiently detailed and based upon the evidence presented. That evidence established that Debtor's conduct met the legal standards of both "willful" and "malicious" conduct pursuant to 11 U.S.C § 523(a)(6). Accordingly, the Court will enter the accompanying Order **GRANTING** Polack's Motion for Summary Judgment.

## CONCLUSION

For all of the above reasons, Plaintiff Joshua Michael Polack has established that the conduct of Debtor Parker Dever referenced herein meets the requirements of 11 U.S.C. § 523(a)(6) and the Judgment entered against Dever is nondischargeable in this Chapter 7 bankruptcy proceeding. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: April 11, 2024

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PARKER DEVER, | ) | CASE NO. 23-32369(7)(1) |
| | ) | |
| Debtor, | ) | |
| | ) | |
| JOSHUA MICHAEL POLACK, | ) | A.P. NO. 23-03019 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PARKER DEVER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter having come before the Court on the Motion for Summary Judgment of Plaintiff Joshua Michael Polack against Defendant Parker Dever, based upon the findings set forth by the Superior Court of Suffolk County, MA in Case No. 2284CV01259, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Plaintiff's Motion for Summary Judgment, be and hereby is, **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Judgment awarded to Plaintiff Joshua Michael Polack by the Superior Court of Suffolk County, MA is nondischargeable in this Chapter 7 bankruptcy proceeding pursuant to 11 U.S.C. § 523(a)(6).

Joan A. Lloyd
United States Bankruptcy Judge
Dated: April 11, 2024